MEMO ENDORSED

HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE
Dated: August 19, 2026

The parties are directed to participate in a Rule 26(f) conference and submit a proposed case management plan by **September 11, 2026**.

**VIA ECF**
Hon. Valerie Figueredo
United States Magistrate Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

**Re**: ***Mount Sinai Hospital, St. Luke's-Roosevelt Hospital and Mount Sinai Beth Israel v. CVS Health Corporation et al.*, No. 1:26-cv-04143-GHW-VF**

Dear Judge Figueredo:

We represent Mount Sinai Hospital, St. Luke's-Roosevelt Hospital, and Mount Sinai Beth Israel (collectively, "Plaintiffs"). We write to request a pre-motion discovery conference pursuant to Local Civil Rule 37.2 based upon the refusal of CVS Health Corporation, CaremarkPCS Health, LLC, Caremark, LLC, and Wellpartner, LLC (collectively, "Defendants") to participate in a Rule 26(f) conference as required by the Federal Rules of Civil Procedure. Plaintiffs' counsel has attempted in good faith to resolve this issue with defense counsel, but Defendants have refused to participate in the Rule 26(f) conference, taking the position that such a conference is premature because the Court has not yet scheduled an Initial Case Management Conference due to their pending motion to dismiss. In the alternative to a conference, Plaintiffs respectfully request that the Court compel Defendants to participate in the Rule 26(f) meet and confer by a date certain.

## I. Procedural History and Relevant Factual Background

Plaintiffs filed their First Amended Complaint on May 28, 2026, asserting eight causes of action against Defendants: (1) breach of contract, (2) violation of New York General Business Law § 349, (3) common-law fraud, (4) civil RICO (18 U.S.C. § 1962(c)), (5) breach of the implied covenant of good faith and fair dealing, (6) unjust enrichment, (7) tortious interference with contract, and (8) breach of contract relating to denial of audit rights. The Amended Complaint alleges a coordinated scheme by which Defendants diverted 340B Program (42 U.S.C. § 256b) revenue owed to Plaintiffs pursuant to the parties' Pharmacy Services Agreements, resulting in damages exceeding $121 million since at least 2020. Specifically, the Amended Complaint alleges that CVS Health, through its vertically integrated subsidiaries, artificially reduced reimbursement rates on 340B-eligible specialty drug claims and retained the resulting spread between the two reimbursement amounts. The Amended Complaint further sets forth concrete data, including same-day comparisons showing that identical prescriptions filled at CVS Specialty yielded reimbursements thousands of dollars lower than those filled at Mount Sinai's own specialty pharmacies.

On July 22, 2026, Defendants filed a motion to dismiss the Amended Complaint. Plaintiffs will file their opposition to that motion on August 26, 2026.

On July 21, 2026, counsel for the parties had a telephone conference during which Plaintiffs' counsel raised the issue of scheduling the Rule 26(f) conference. Defendants' counsel directed Plaintiffs to follow up in writing. Thereafter, on July 23, 2026, Plaintiffs' counsel sent an email requesting Defendants' availability for the conference. Having received no response, Plaintiffs' counsel sent a follow-up email on July 28, 2026. Defendants' counsel replied on July 30, 2026, stating only that "[m]ultiple members of our team are out of the office this week or at trial. We will respond early next week." On August 12, 2026, nearly two weeks after Defendants' July 30 email, Plaintiffs' counsel again followed up requesting Defendants' availability for a Rule 26(f) conference. On August 13, 20206, Defendants' counsel responded by asserting that the Rule 26(f) conference is "premature at this time." Defendants indicated that they would only "work with [Plaintiffs] to schedule a rule 26(f) conference in accordance with the Court's deadlines once the Court has set an Initial Case Management Conference." Defendants stated that they would oppose this letter motion.

Defendants' refusal to confer, and their stated intention to oppose any request for the Court to schedule a case management conference and a date certain for the Rule 26(f) conference, demonstrates that any further meet-and-confer efforts would be futile. Consequently, the Court's intervention is not only warranted, but necessary at this time.

## II. Legal Argument

Rule 26(f)(1) & (2) impose a mandatory, joint obligation on the parties to confer, and formal discovery may not commence until that conference occurs. *OMG Fid., Inc. v. Sirius Techs., Inc.*, 239 F.R.D. 300, 303 (N.D.N.Y. 2006). Courts in this Circuit have squarely rejected the notion that a pending motion to dismiss excuses compliance with Rule 26(f) or operates as a self-executing stay of discovery. In *OMG*, the court ordered the parties to meet and confer under Rule 26(f) within fourteen days notwithstanding the defendant's announced intention to file a Rule 12(b) motion to dismiss. *Id.* at 306. Similarly, "[d]iscovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed." *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013). Any stay of discovery must be affirmatively sought under Rule 26(c) upon a showing of good cause; such a stay is never self-imposed. *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002). Defendants have not moved for such relief.

Defendants' position that a Rule 26(f) conference should not take place before Your Honor has scheduled an Initial Case Management Order is misguided. Nothing in Your Honor's Individual Practices or the Federal Rules of Civil Procedure permits a party to unilaterally refuse to engage in Rule 26(f) discussions on the theory that the Court has not yet scheduled an Initial Case Management Conference. The obligation to confer arises from Rule 26(f) itself, not from the Court's scheduling order. Defendants' position effectively allows them to impose a *de facto* stay of all pretrial proceedings simply by filing a motion to dismiss then characterizing the Court's administrative docket management as a deliberate endorsement of a discovery freeze.

FRIER LEVITT
ATTORNEYS AT LAW

This is precisely the type of self-imposed stay that courts in this Circuit have consistently rejected.[1]

Despite the general rule to the contrary, Defendants' refusal to participate in the mandatory Rule 26(f) conference coupled with their position that such a conference is "premature" because of their pending motion to dismiss, operates as an improper, self-imposed stay on discovery which should not be permitted.

**III. Relief Requested**

Plaintiffs respectfully request that the Court issue an Initial Case Management Order, or in the alternative, compel Defendants to participate in the Rule 26(f) meet and confer by a date certain.

Thank you for Your Honor's attention to this matter.

Respectfully,

*/s/ Matthew J. Modafferi*
Matthew J. Modafferi, Esq.
FRIER & LEVITT LLC
One World Trade Center, Suite 45E
285 Fulton Street
New York, NY 10007
(646) 970-2711
mmodafferi@frierlevitt.com

[1] Moreover, this action is not subject to an automatic statutory stay. Unlike securities fraud actions governed by the PSLRA, 15 U.S.C. § 78u-4(b)(3)(B), this is a healthcare dispute governed exclusively by the discretionary framework of Rule 26(c). *See 380544 Canada, Inc. v. Aspen Tech., Inc.*, 2007 U.S. Dist. LEXIS 51920, at *4 (S.D.N.Y. July 17, 2007).