UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MOUNT SINAI HOSPITAL; MOUNT SINAI BETH ISRAEL; and ST. LUKE'S-ROOSEVELT HOSPITAL,<br><br>Plaintiff(s),<br><br>-v-<br><br>CVS HEALTH CORPORATION; CAREMARKPCS HEALTH LLC; CAREMARK, L.L.C.; WELLPARTNER, LLC; and JOHN DOES 1-15,<br><br>Defendant(s). | CIVIL ACTION NO.: 1:26-cv-4143 (VF)<br><br>**REPORT OF RULE 26(f) CONFERENCE AND CASE MANAGEMENT PLAN** |

In accordance with Federal Rule of Civil Procedure 26(f) and Judge Figueredo's Individual Practices, the parties met on September 3, 2026 and exchanged communications thereafter. The parties now submit the following report for the Court's consideration:

**1. Court Expectations:**

**Rule 1 and Rule 26(b)(1).** Counsel are expected to have reviewed Rule 1 and Rule 26(b)(1) and considered their obligations thereunder in discussing and preparing a discovery plan.

**Additional consideration of proportionality.** Counsel shall discuss and consider whether phased or iterative discovery will increase efficiency, reduce costs and lead to a faster resolution of the case when preparing a discovery plan.

**Document Requests.** Counsel shall be fully familiar with their obligations under Rules 34 and 26(g) and consider and discuss ways to ensure compliance and minimize disputes regarding overbreadth and specificity of requests and responses.

**Competence**. Counsel shall be sufficiently knowledgeable in matters relating to their clients' technological systems to discuss competently issues relating to electronic discovery, or have involved someone competent to address these issues on their behalf.

**Counsel are directed to the Model Confidentiality Stipulation and Proposed Protective Order and Stipulation and [Proposed] Order Concerning the Protocol for Conducting Remote Depositions on Judge Figueredo's Individual Practices Page.**

**Counsel represent by their signature below that they have read and will comply with the above.**

**2. Summary of Claims, Defenses, and Relevant Issues:**

Plaintiff(s): Plaintiff, in its capacity as a "covered entity" under the federal 340B program, alleges that Defendants secretly manipulated 340B-eligible claims to create a "Spread" between the fair market reimbursement paid in connection with the initial adjudication of such claims, and the artificially reduced reimbursement paid in connection with the re-adjudication of the same. Plaintiff further alleges that all Defendants cooperated in CVS Health's reduced reimbursement scheme which required (1) CaremarkPCS Health to slash reimbursement rates on previously adjudicated and paid claims after the point of sale; (2) Caremark LLC d/b/a CVS Specialty to willingly to accept that reduced rate; and (3) Wellpartner to mask the true transaction from Plaintiff through falsified documents. Plaintiff asserts claims for breach of contract, common law fraud, civil RICO, and other claims outlined in the operative complaint.

Defendants: Plaintiffs allege that only one Defendant here (Caremark, LLC) contracted with Plaintiffs, and Plaintiffs claim that Caremark, LLC underpaid them pursuant to their contracts—though they fail to allege the actual contractual language they assert Caremark, LLC breached. Plaintiffs have taken that discrete contract dispute and impermissibly cast it as a sprawling fraud. Defendants thus contend that Plaintiffs have failed to state a claim. *See* ECF No. 40 (Motion to Dismiss). As that motion explains, the breach-of-contract claim fails against Defendants CVS Health Corp., Wellpartner, LLC, and CaremarkPCS Health LLC because they did not contract with Plaintiffs. As for the remaining defendant (Caremark, LLC), the breach-of-contract claim fails because no contractual term required Caremark, LLC to pay Plaintiffs based on what Plaintiffs allege: the amount that an entirely separate entity—CaremarkPCS Health, LLC—received from health insurers. The fraud claim fails as impermissibly duplicative of the breach-of-contract claim, since the alleged fraud rests on the exact same conduct as the breach-of-contract claim. Plaintiffs also failed to allege essential elements of the tortious interference, unjust enrichment, civil RICO, and New York General Business Law claims, among other problems. Finally, Plaintiffs have not stated a claim against CVS Health Corp.—the other Defendants' parent corporation—as Plaintiffs do not allege any wrongful acts by CVS Health.

**3. Basis of Subject Matter Jurisdiction (and any dispute as to jurisdiction):** Plaintiff asserts subject matter jurisdiction under 28 U.S.C. § 1331, § 1332, and § 1367. There are no disputes as to jurisdiction.

**4. Subjects on Which Discovery May Be Needed:**

Plaintiff(s): Plaintiffs anticipate that discovery will be needed on Defendants' financial and

transactional data, contractual documents, discovery regarding the discriminatory pricing scheme, corporate structure and control, audit demand and termination, damages, and discovery specifically regarding RICO.

Discovery is needed regarding the point-of-sale reimbursement rates paid by third-party payors and plans to CaremarkPCS for 340B drug claims, including the standard national network reimbursement rates applied at adjudication. Discovery is also needed regarding the post-sale 340B reimbursement rates applied after claims were identified as 340B-eligible, including the reduced rates paid by CaremarkPCS to Caremark LLC and CVS Specialty. Plaintiffs anticipate discovery into the "Spread" retained by Defendants across all 340B claims processed since 2020. Discovery will also encompass the remittance reports generated by WellPartner and transmitted to Plaintiffs, including the accuracy of reported payor reimbursement amounts and patient co-pay and co-insurance figures, as well as the dispensing fees and TPA fees charged under the Agreements.

Discovery is also needed regarding the Pharmacy Services Agreements between Plaintiffs and Caremark LLC, including all amendments, addenda, and reimbursement schedules. Plaintiffs also anticipate discovery into network participation agreements between CaremarkPCS and Caremark LLC/CVS Specialty governing reimbursement rates, as well as the TPA agreements between Plaintiffs and WellPartner.

Discovery is needed regarding internal policies, procedures, and communications establishing or directing the post-sale rate reduction on 340B-identified claims. Plaintiffs anticipate discovery into the mechanism and rationale for applying differential reimbursement rates to 340B claims versus non-340B claims within the same network. Discovery is also needed to identify the individual officers (John Does 1–15) who allegedly executed and ratified the scheme and to determine their respective roles.

Discovery is similarly needed regarding the vertical integration of CVS Health's subsidiaries and the operational relationships among CaremarkPCS, Caremark LLC, CVS Specialty, and WellPartner in processing 340B claims. Plaintiffs anticipate discovery into the direction and control exercised by CVS Health over the pricing and remittance practices of its subsidiaries.

Discovery is needed regarding communications surrounding Plaintiffs' audit demand, including Defendants' response or lack thereof. The parties also anticipate discovery into the decision to terminate the Agreements on April 22, 2026, including internal communications and decision-making relating to the termination and whether it was retaliatory in nature.

Discovery is needed regarding complete claims data for all 340B drug claims processed through the Contract Pharmacy arrangement since 2020, which is necessary to calculate the full scope of the Spread and Plaintiffs' alleged losses (estimated at more than $121 million). The parties anticipate discovery into CVS Health's financial records reflecting profits from 340B Contract Pharmacy arrangements, as well as SEC filings and investor disclosures discussing the financial significance of 340B revenue to CVS Health.

Discovery is finally needed regarding interstate wire communications used to transmit remittance data, post-sale rate-reduction instructions, and internal coordinating communications

among Defendants. Plaintiffs anticipate discovery into the pattern and continuity of the racketeering activity across 340B claims processed monthly since 2020, including the predicate acts of wire fraud, embezzlement from employee benefit plans, and solicitation to influence operations of employee benefit plans.

Plaintiffs reserve their right to seek discovery on other/additional issues not expressly set forth above.

Defendant(s): Defendants anticipate that, if this case proceeds past the motion-to-dismiss stage, discovery may be needed on the following topics:

- Plaintiffs' financial and transactional data;
- How Plaintiff uses "340B Savings" including the extent to which Plaintiff uses those "Savings" to fund indigent care;
- Plaintiffs' evaluation and/or analysis of the "340B Savings" it received in connection with its contracts with Caremark, LLC and contracts with other contract pharmacies and 340B-related entities;
- Plaintiffs' 340B-related contracts and documents and communications relating to those contracts, including (i) Plaintiffs' negotiation of those contracts, (ii) Plaintiffs' understanding of and expectations relating to those contracts, and (iii) Plaintiffs' contracts with other contract pharmacies and 340B-related entities;
- Plaintiffs' actions respecting Wellpartner reports;
- Plaintiffs' understanding of 340B program requirements and actions taken to comply with those requirements;
- Plaintiffs' corporate structure;
- Plaintiffs' audit demand;
- The termination of the contracts between Caremark, LLC and Plaintiffs; and
- Plaintiffs' alleged damages, including the "internal investigation" that Plaintiffs allege they conducted to calculate their purported damages.

Defendants reserve their right to seek discovery on other/additional issues not expressly set forth above.

**5. Informal Disclosures:**

Plaintiffs will disclose the information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure on September 17, 2026. On October 9, 2026 Plaintiffs will produce an initial set

of relevant documents identified in their Initial Disclosures and will continue to supplement their production.

Defendants will disclose the information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure on September 17, 2026. On October 9, 2026 Defendants will produce an initial set of relevant documents identified in their Initial Disclosures and will continue to supplement their production.

**6. Discovery Plan:**

The parties jointly propose to the Court the following discovery plan:

A. All fact discovery must be completed by November 10, 2027.

Within **one week** of the close of fact discovery, that is November 17, 2027, the parties must file a joint letter on the docket certifying that fact is discovery is complete.

B. The parties will conduct discovery in accordance with the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, and Judge Figueredo's Individual Practices. The following interim deadlines may be extended by the parties on written consent without application to the Court, **provided that** the parties meet the deadline for completing fact discovery set forth in paragraph 6(A) above.

i. Depositions: Plaintiff is one of several hospital-plaintiffs, represented by the same counsel, that have brought similar claims against Defendants in three other federal courts: the District of Kansas (*University of Kansas Hospital Authority v. CVS Health Corp., et al.*, 1:26-cv-04143), the Eastern District of Michigan (*University of Mich. Hosp. & Health Cntrs v. CVS Health Corp.*, et al., 2:26-cv-11618; *Henry Ford Hosp., et al., v. CVS Health Corp.*, et al., 2:26-cv-12435), and the Eastern District of Wisconsin (*Froedtert Mem. Lutheran Hosp., Inc. v. CVS Health Corp., et al.*, 2:26-cv-1432). The parties will discuss whether any depositions common to these cases will be coordinated across the cases to maximize efficiency, reduce costs, and avoid duplication. Fact depositions shall be completed by November 10, 2027 and shall be limited to

no more than 10 depositions per party. Expert depositions shall be completed by March 2, 2028.

ii. Interrogatories: Initial sets of interrogatories shall be served on or before January 31, 2027. All subsequent interrogatories must be served no later than 30 days before the fact discovery deadline.

iii. Requests for Admission: Requests for admission must be served no later than 30 days before the fact discovery deadline.

iv. Requests for Production: Initial requests for production shall be exchanged by no later than December 4, 2026, and responses shall be due within 30 days of service, in accordance with the Federal Rules of Civil Procedure.[1] All subsequent requests for production must be served no later than 30 days before the discovery deadline.

v. Supplementation: Supplementations under Rule 26(e) must be made within a reasonable period of time after discovery of such information, and in any event, no later than the fact discovery deadline.

**7. Anticipated Discovery Disputes:**

Describe any anticipated discovery disputes or proposed limitations on discovery: The Parties do not anticipate any discovery disputes or limitations at this time, though the Parties will notify the Court of any disputes the Parties cannot resolve.

**8. Amendments to Pleadings:**

a. Does any party anticipate amending the pleadings? Plaintiffs plan on amending their complaint to add individual defendants in place of the "John Does 1-15".

b. Last date to amend any pleading pursuant to Fed. R. Civ. P. 15(a) is February 28, 2027. Amendment of pleadings after this date will only be permitted upon a showing of "good

[1] Plaintiff served two Early Rule 34 Requests on August 10, 2026 pursuant to F.R.C.P. 26(d)(2). The Parties met and conferred on September 3, 2026, thereby triggering Defendants' obligation to respond to those Early Rule 34 Requests within thirty (30) days thereafter, or October 3, 2026.

cause" under Fed. R. Civ. P. 16(b)(4).

**9. <u>Expert Witness Disclosures:</u>**

a. Does any party anticipate utilizing experts? Yes.

b. Expert discovery shall be completed by March 2, 2028.

Within **one week** of the close of expert discovery, that is, March 9, 2028, the parties must file a joint letter on the docket certifying that all discovery is complete. This letter should also state which dispositive motions, if any, each party intends to file.

**10. <u>Electronic Discovery and Preservation of Documents and Information:</u>**

a. Have the parties discussed discovery of electronically stored information (ESI)? Yes.

b. Is there an ESI discovery protocol in place? No, the parties expect to have one in place by October 12, 2026.

c. Are there issues the parties would like to address concerning preservation of evidence and/or ESI discovery at the Initial Case Management Conference? Not at this time.

**11. <u>Early Settlement or Resolution:</u>**

The parties have discussed the possibility of settlement. The parties disagree regarding whether the Court should set deadlines relating to early settlement

<u>Plaintiffs:</u> Plaintiff believes the parties should complete ADR, including any private mediation or settlement conference by January 31, 2027. Plaintiff will submit a settlement proposal by October 15, 2026. Defendants will submit a counter proposal by October 29, 2026. The parties will jointly file a mediation notice or confidential settlement report by November 12, 2026.

<u>Defendants</u>: Defendants do not believe that a requirement to exchange settlement proposal or engage in early ADR would be productive at this stage of the case. The parties spent several months engaged in unsuccessful pre-suit settlement discussions. Defendants propose to revisit whether ADR may be productive after the completion of all discovery and rulings on dispositive motions. Defendants believe that completion of expert discovery and receipt of rulings on dispositive motion are a necessary precondition for any potentially successful settlement

discussions: Plaintiffs have sued multiple Defendants and are asserting various types of claims, and expert discovery and rulings on dispositive motions will flesh out what exposure each Defendant may face for which claims. Moreover, Defendants anticipate that expert discovery will establish various fundamental principles about the operations, mechanics, etc. of the 340B program that may be significant to understanding the parties' claims and defenses.

**12. Trial:**

a. Because Defendants anticipate filing motions for summary judgment, the parties are presently unable to state the date by which the case will be ready for trial.

b. The parties anticipate that the trial of this case will require 10 days.

c. The parties do not consent to a trial before a Magistrate Judge at this time, but reserve their right to amend their position on this issue.

d. The parties request a jury trial.

**13. Other Matters:**

The parties request that the court enter this scheduling order with the following summary of deadlines and settings:

| SUMMARY OF DEADLINES AND SETTINGS | |
|---|---|
| Event | Deadline/Setting |
| Jointly proposed protective order and ESI protocol submitted to court | **October 12, 2026** |
| Motions and briefs in support of proposed protective order and/or ESI protocol (only if parties disagree about need for and/or scope of order/protocol) | **October 12, 2026** |
| Plaintiff's settlement proposal | **Plaintiff's position: October 15, 2026**<br><br>**Defendants' position: Defer until after ruling on motions for summary judgment** |

| | |
|---|---|
| Defendant's settlement counter-proposal | **Plaintiff's position: October 29, 2026**<br><br>**Defendants' position: Defer until after ruling on motions for summary judgment** |
| Jointly filed mediation notice, or confidential settlement reports to magistrate judge | **Plaintiff's position: November 12, 2026**<br><br>**Defendants' position: Defer until after ruling on motions for summary judgment** |
| Motions to amend | **February 28, 2027** |
| Mediation completed | **Plaintiff's position: January 31, 2027**<br><br>**Defendants' position: Defer until after ruling on motions for summary judgment** |
| Deadline for completion of fact discovery | **November 10, 2027** |
| Parties to file a joint letter on the docket certifying that fact is discovery is complete. | **November 17, 2027** |
| Plaintiff's experts disclosed | **November 24, 2027** |
| Defendants' experts disclosed | **January 12, 2028** |
| Rebuttal experts disclosed | **February 2, 2028** |
| All discovery completed | **March 2, 2028** |
| Parties to file a joint letter on the docket certifying that expert discovery is complete. | **March 9, 2028** |

Respectfully submitted this 10th day of September 2026.

*/s/ Todd Mizeski*

Jonathan E. Levitt
Todd Mizeski
Matthew Modafferi

FRIER & LEVITT, LLC
One World Trade Center
Suite 45E,
285 Fulton Street
New York, New York 10007

84 Bloomfield Avenue
Pine Brook, NJ 07058

Telephone: (973) 618-1660
Facsimile: (973) 618-0650
jlevitt@frierlevitt.com
tmizeski@FrierLevitt.com
mmodafferi@frierlevitt.com

*Attorneys for Plaintiffs*

*/s/ Joseph S. Sandoval-Bushur*

Enu Mainigi (admitted *pro hac vice*)
Grant A. Geyerman (admitted *pro hac vice*)
Benjamin N. Hazelwood (Bar No. 5001508)
Joseph S. Sandoval-Bushur (admitted *pro hac vice*)

WILLIAMS & CONNOLLY LLP
650 Fifth Avenue, Suite 1500
New York, NY 10019

680 Maine Avenue, S.W.
Washington, DC 20024

Telephone: (202) 434-5000
Facsimile: (202) 434-5029
emainigi@wc.com
ggeyerman@wc.com
bhazelwood@wc.com
jsandoval-bushur@wc.com

*Attorneys for Defendants*

**MEMO ENDORSED**

HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE

**Dated: September 11, 2026**

SO ORDERED. No mediation will be required at this time. The parties are directed to provide a joint status update on discovery by **November 10, 2026**.