**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MOUNT SINAI HOSPITAL; MOUNT SINAI BETH ISRAEL; and ST. LUKE'S-ROOSEVELT HOSPITAL,<br>*Plaintiffs*,<br>v.<br>CVS HEALTH CORPORATION; CAREMARKPCS HEALTH, LLC; CAREMARK, LLC; WELLPARTNER, LLC; and JOHN DOES 1-15,<br>*Defendants*. | Case No. 1:26-cv-4143 |

**PROTECTIVE ORDER**

The parties agree that it may be necessary during discovery to disclose certain confidential information relating to the subject matter of this action. They agree that certain categories of such information should be treated as confidential, protected from disclosure outside this litigation, and used only for purposes of prosecuting or defending this action and any appeals. The parties jointly request entry of a protective order to limit the disclosure, dissemination, and use of certain identified categories of confidential information.

In support of the parties' request, they assert that protection of the identified categories of "Confidential" or "Highly Confidential – Attorneys' Eyes Only" Information is necessary because, given the particular facts of this commercial dispute between a hospital and several healthcare companies, discovery is likely to include information, the disclosure of which would result in injuries to the parties to the case and/or to third parties. Discovery will likely delve into confidential and/or sensitive information, including claim-level prescription and reimbursement data; nonpublic contracts and terms involving health plans, payors, pharmacies, manufacturers, and

other third parties; nonpublic pharmacy-benefit-manager and third-party-administrator reimbursement methodologies, pricing formulas, claims-processing rules, system architecture, and business processes; and internal financial information concerning reimbursements, remittances, margins, fees, and the alleged difference between point-of-sale reimbursement and 340B remittance amounts. In addition, discovery may include protected health information and other confidential health and personal information from patients and other persons who are not parties to this case.

For good cause shown under Fed. R. Civ. P. 26(c), the court grants the parties' joint request and enters the following Protective Order:

**1. Scope.**

All documents and materials produced in discovery, including initial disclosures, discovery responses, deposition testimony and exhibits, and information derived therefrom (hereinafter, collectively, "documents"), are subject to this Order concerning "Confidential" and "Highly Confidential – Attorneys' Eyes Only" Information as set forth below. As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order will be strictly construed in favor of public disclosure and open proceedings wherever possible. This Order does not govern information or documents obtained independently of discovery in this action.

**2. Definitions and Protected Categories.**

(a) Producing Party means any party or nonparty that produces or discloses documents in this action.

(b) Receiving Party means any party that receives documents from a Producing Party.

(c) Designating Party means any party or nonparty that designates documents under this Order.

(d) Protected Material means documents designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

(e) Confidential Information means information that the Designating Party designates in good faith, has previously maintained in a confidential manner, and should be protected from disclosure and use outside this litigation because disclosure is restricted by statute or could potentially harm the interests of the Designating Party or nonparties. The parties will limit Confidential Information designations to the following categories:

(1) individually identifiable health information, protected health information ("PHI"), medical or prescription information, patient or member identifiers, claim numbers, and other information protected by HIPAA or other federal or state privacy law;

(2) nonpublic prescription, adjudication, reimbursement, remittance, copayment, coinsurance, eligibility, reversal, adjustment, and payment data;

(3) nonpublic contracts, amendments, addenda, pricing terms, and communications concerning the contractual relationships among covered entities, contract pharmacies, pharmacy benefit managers, third-party administrators, health plans, payors, manufacturers, and other participants in the prescription-drug supply chain;

(4) nonpublic financial, accounting, audit, profitability, fee, margin, reimbursement, payment, and remittance records;

(5) nonpublic proprietary business records, policies, procedures, technical documentation, claims-processing rules, data dictionaries, system information, and operational information concerning pharmacy-benefit-management, specialty-pharmacy, contract-pharmacy, or 340B third-party-administrator services;

(6) trade secrets and other nonpublic confidential research, development, or commercial information;

(7) nonpublic information belonging to health plans, payors, pharmacies, manufacturers, vendors, or other nonparties that the Producing Party is obligated to maintain as confidential;

(8) personally identifiable information, meaning information that can be used to distinguish or trace an individual's identity, either alone or when combined with other information that is linked or linkable to a specific individual, including but not limited to an individual's social security number, email address, phone number, or driver's license number; and

(8) sensitive personal or personnel information concerning current or former employees or other individuals, including personal contact, compensation, performance, disciplinary, and identifying information.

(f) Highly Confidential – Attorneys' Eyes Only Information means Confidential Information that is of such a highly sensitive competitive, commercial, financial, or technical nature that disclosure to another party's officers, directors, employees, or business personnel would create a substantial risk of serious competitive or commercial injury that could not be avoided by less restrictive means. The parties will limit this designation to the following specific categories:

(1) nonpublic plan-, network-, pharmacy-, payor-, or client-specific reimbursement rates, pricing terms, guarantees, or formulas;

(2) proprietary algorithms, source code, system architecture, technical specifications, data-matching logic, or detailed claims-processing methodologies;

(3) internal analyses of pricing strategy, margins, the alleged Spread, profitability, or other competitively sensitive financial information;

(4) nonpublic strategic business plans, service- or product-development plans, or competitively sensitive negotiations; and

(5) highly sensitive third-party contracts or information that the Producing Party is contractually required to restrict from disclosure to market participants.

Information or documents available to the public may not be designated as Protected Material. Nothing in this Order permits a party to designate as Protected Material information that the Receiving Party lawfully obtained from a source other than discovery in this action without an obligation of confidentiality.

**3. Qualified Protective Order Under HIPAA.**

This Order constitutes a qualified protective order under 45 C.F.R. § 164.512(e). The parties and their counsel are authorized to request, obtain, and disclose PHI relevant to the claims or defenses in this action without patient authorization, provided that the PHI is used solely for this litigation, disclosed only as permitted by this Order, safeguarded against unauthorized use or disclosure, and returned or destroyed at the conclusion of the litigation as provided in Paragraph 11. Nothing in this Order requires production of information that is not otherwise discoverable or relieves a covered entity or business associate of any obligation imposed by HIPAA or other applicable law.

**4. Form and Timing of Designation.**

**(a) Documents and Other Written Material.** The Producing Party may designate documents as Protected Material by marking each page containing protected information with "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in a manner that does not interfere with legibility. Applying a

designation certifies that the designating attorney or unrepresented party has a good-faith basis for the designation.

**(b) Native Files and Structured Data.** For documents produced in native format or structured datasets, the Producing Party will identify the designation on a Bates-numbered slip sheet, and, if practicable, by appending "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – AEO" or "HCAEO" to the filename.

**(c) Tangible Items.** A Producing Party may designate a tangible item by affixing the appropriate legend to the item or its container, or, if impracticable, by written notice identifying the item and designation.

**(d) Copies and Derivative Material.** Electronic images, duplicates, extracts, summaries, analyses, or descriptions that disclose Protected Material must be treated at the same level as the source material. Indices or databases that do not disclose the substance of any Protected Material need not be marked.

**5. Inadvertent Failure to Designate.** Inadvertent failure to designate any document or material as containing "Confidential" or "Highly Confidential – Attorneys' Eyes Only" Information will not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within 14 days after discovering the inadvertent failure. Upon notice, the Receiving Party must make reasonable efforts to retrieve and destroy unmarked copies, replace them with properly designated copies, and treat the material according to the corrected designation. Disclosure before notice does not violate this Order, but the Receiving Party must take reasonable steps to prevent further disclosure and to retrieve the material from any unauthorized recipient.

**6. Depositions.** Deposition testimony will be deemed confidential only if designated as such when the deposition is taken or within 30 days after receipt of the deposition transcript. Such designation must be specific as to the portions of the transcript and/or any exhibits to be protected. Any person not authorized to receive the applicable level of Protected Material may be excluded from the portion of a deposition in which that material is disclosed.

**7. Use and Disclosure of Protected Material**

**(a) Permitted Use.** Protected Material must be used solely for prosecuting or defending this action, including discovery, settlement, mediation, trial preparation, trial, and appeals, and for no business, competitive, personal, regulatory, or other purpose.

**(b) Persons Who May Receive Confidential Information.** Absent the Designating Party's prior written consent or a court order, Confidential Information may be disclosed only to:

(1) the parties and those officers, directors, employees, agents, or representatives whose assistance counsel determines in good faith is reasonably necessary to this litigation, but only after such persons have completed the certification contained in Attachment A;

(2) outside counsel of record and their attorneys, employees, and agents;

(3) in-house counsel for a party and employees working under counsel's direction whose assistance is reasonably necessary;

(4) the Court and court personnel, any special master appointed by the Court, and members of the jury;

(5) court reporters, recorders, and videographers engaged for depositions or proceedings;

(6) a mediator appointed by the Court or jointly selected by the parties;

(7) experts, outside consultants, or investigators retained specifically for this litigation, as well as employees or contractors of such experts, outside consultants, or investigators who are assisting in the work for which the experts, outside consultants, or investigators were retained, but only after such persons have completed the certification contained in Attachment A;

(8) potential, anticipated, or actual fact witnesses and their counsel, but only to the extent reasonably necessary to prepare for or provide testimony, but only after such persons have completed the certification contained in Attachment A;

(9) the author, recipient, or custodian of the document, excluding persons who received it solely through this litigation;

(10) independent providers of document reproduction, electronic discovery, hosting, data processing, demonstrative, or other litigation-support services, provided they are informed of the confidential nature of the material and are contractually obligated to maintain confidentiality or have completed the certification contained in Attachment A; and

(11) other persons upon the Designating Party's written consent and on agreed conditions.

**(c) Persons Who May Receive Highly Confidential – Attorneys' Eyes Only Information.** Absent the Designating Party's prior written consent or a court order, "Highly Confidential – Attorneys' Eyes Only" Information may be disclosed only to:

(1) outside counsel of record and their attorneys, employees, and agents;

(2) in-house counsel for a party and employees working under counsel's direction whose assistance is reasonably necessary;

(3) the Court and court personnel, any special master appointed by the Court, and members of the jury, subject to the Court's control and without purporting to bind them;

(4) court reporters, recorders, and videographers engaged for depositions or proceedings;

(5) a mediator appointed by the Court or jointly selected by the parties;

(6) experts, outside consultants, or investigators retained specifically for this litigation, as well as employees or contractors of such experts, outside consultants, or investigators who are assisting in the work for which the experts, outside consultants, or investigators were retained, but only after such persons have completed the certification contained in Attachment A;

(7) the author, recipient, or custodian of the document, excluding persons who received it solely through this litigation;

(8)independent litigation-support providers described in Paragraph 7(b)(10), subject to the same safeguards; and

(9) other persons upon the Designating Party's written consent and on agreed conditions.

**(d) Acknowledgments and Control.** Counsel must provide this Order to each person required to execute Attachment A before disclosure and retain the executed acknowledgment. The parties must take reasonable measures to prevent unauthorized or inadvertent disclosure of Protected Material. Counsel must maintain a record of persons outside their law firms who receive Protected Material, except for court personnel and jurors.

**(e) Use of Confidential or Highly Confidential – Attorneys' Eyes Only Information with Artificial Intelligence.** Any party that receives designated Confidential or Highly Confidential – Attorneys' Eyes Only documents shall not load, import, submit, or otherwise transfer the designated Confidential or Highly Confidential – Attorneys' Eyes Only documents to a publicly accessible Large Language Model ("LLM") or Artificial Intelligence

("AI") platform, nor may any party utilize any non-public LLM or AI platforms where the designated Confidential or Highly Confidential – Attorneys' Eyes Only documents may be used to train public models or otherwise made accessible to other users of the LLM or AI platform not authorized to receive such materials. For avoidance of doubt, any output or result generated by a permissible generative artificial intelligence tool that contains, reflects, incorporates, or is derived from Confidential or Highly Confidential – Attorneys' Eyes Only Information will be deemed attorney work product. The attorney-work-product protections set forth in this Paragraph include any prompts, queries, instructions, inputs, outputs, logs, model or tool settings, and similar materials created by or for a Party, its counsel, any litigation support vendor or consultant, or any Expert in connection with this Action, including such materials used in connection with the work of any Expert. Nothing in this Paragraph limits any disclosure required by Rule 26(a)(2) or the Court's authority to order disclosure for good cause.

**8. Filing Confidential or Highly Confidential – Attorneys' Eyes Only Information.** Nothing in this Order will be construed as a prior directive to allow any document to be filed under seal and any party seeking to file a document under seal must comply with the Court's procedures for request for filing under seal. Merely designating information as Confidential or Highly Confidential – Attorneys' Eyes Only pursuant to this Order is insufficient to satisfy the court's requirements for filing under seal in light of the public's qualified right of access to court dockets. The parties understand that the requested documents may be filed under seal only with the court's permission after proper motion.

In order to minimize under-seal filings, a party should avoid filing Confidential or Highly Confidential – Attorneys' Eyes Only Information unnecessarily. Specifically, a party should avoid

filing Confidential or Highly Confidential – Attorneys' Eyes Only Information that is unnecessary to the issues presented and file only relevant excerpts.

**9. Challenging a Confidential or Highly Confidential – Attorneys' Eyes Only Designation.** A party may challenge any confidentiality designation at any time consistent with the Scheduling Order. Before seeking judicial intervention, the challenging party must identify the challenged material with reasonable specificity and meet and confer in good faith. If the dispute is not resolved, the challenging party may seek resolution by the Court. The Designating Party bears the burden of establishing that the challenged material qualifies for the asserted protection. Until the Court rules or the Designating Party withdraws the designation, all parties must continue to treat the material according to its existing designation. A challenge is not waived by delay unless the delay causes prejudice.

**10. Using Confidential or Highly Confidential – Attorneys' Eyes Only Information at Trial or Hearing.** Nothing in this Order will be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or anticipates that another party may present Protected Material at a hearing or trial must bring that issue to the attention of the court and the other parties without disclosing the Confidential or Highly Confidential – Attorneys' Eyes Only Information. The court may thereafter make such orders as are necessary to govern the use of such documents or information at the hearing or trial.

**11. Obligations on Conclusion of Litigation.**

**(a) Order Remains in Effect.** Unless otherwise agreed or ordered, all provisions of this Order will remain in effect and continue to be binding after conclusion of the litigation.

**(b) Returning or Destroying Confidential or Highly Confidential – Attorneys' Eyes Only Documents.** Within ninety (90) days after this litigation concludes by settlement, final judgment, or final order, including all appeals, the Receiving Party shall return or destroy all documents designated as containing Confidential or Highly Confidential – Attorneys' Eyes Only Information, including copies as defined above, unless the document has been offered into evidence or filed without restriction as to disclosure. Additionally, the parties may agree that the Receiving Party is not required to locate, isolate, and return e-mails (including attachments to e-mails) that may include Confidential or Highly Confidential – Attorneys' Eyes Only Information, Confidential or Highly Confidential – Attorneys' Eyes Only Information contained in deposition transcripts (or exhibits thereto), Confidential or Highly Confidential – Attorneys' Eyes Only Information contained in draft or final expert reports, or Confidential or Highly Confidential – Attorneys' Eyes Only Information quoted in motions filed with the Court.

**(c) Retaining Work Product.** Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index that refers or relates to designated Confidential or Highly Confidential – Attorneys' Eyes Only Information, so long as that work product does not duplicate verbatim substantial portions of the text or images of designated documents. This work product will continue to be Confidential or Highly Confidential – Attorneys' Eyes Only under this Order. An attorney may use his or her own work product in subsequent litigation provided that its use does not disclose Confidential or Highly Confidential – Attorneys' Eyes Only Information.

**12. Modification.** This Order may be modified by the court on its own motion or on motion of any party or any other person with standing concerning the subject matter. The Order

must not, however, be modified until the parties have been given notice and an opportunity to be heard on the proposed modification.

**13. Enforcement.** Even after the final disposition of this case, a party or any other person with standing concerning the subject matter may file a motion to seek leave to reopen the case for the limited purpose of enforcing or modifying the provisions of this Order.

**14. No Prior Judicial Determination.** This Order is entered based on the parties' representations and agreements for the purpose of facilitating discovery. Nothing in this Order will be construed or presented as a judicial determination that any document or material designated as Confidential or Highly Confidential – Attorneys' Eyes Only Information by counsel or the parties is entitled to protection under Fed. R. Civ. P. 26(c) or otherwise until such time as the court may rule on a specific document or issue.

**15. Persons Bound.** This Order will take effect when entered and is binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

**16. Applicability to Parties Later Joined.** If additional persons or entities become parties to this lawsuit, they must not be given access to any Confidential or Highly Confidential – Attorneys' Eyes Only Information until they execute and file their written agreement to be bound by the provisions of this Order.

**17. Protections Extended to Third-Party's Confidential or Highly Confidential – Attorneys' Eyes Only Information.** The parties agree to extend the provisions of this Protective Order to Confidential or Highly Confidential – Attorneys' Eyes Only Information produced in this case by third parties, if timely requested by the third party. A copy of this Order shall be provided to all third parties producing documents in this case.

**18. Confidential or Highly Confidential – Attorneys' Eyes Only Information Subpoenaed, Requested, or Ordered Produced in Other Litigation.** A Receiving Party that is served with a subpoena, discovery request, or an order issued in other litigation that would compel disclosure of Confidential or Highly Confidential – Attorneys' Eyes Only Information must so notify the Designating Party, in writing, immediately and in no event more than three business days after receiving the subpoena, discovery request, or order. Such notification must include a copy of the subpoena, discovery request, or court order. The Receiving Party also must immediately inform in writing the party who caused the subpoena, discovery request, or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order and deliver a copy of this Order promptly to the party in the other action that caused the subpoena, discovery request, or order to issue.

The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the Designating Party in this case an opportunity to try to protect its Confidential or Highly Confidential – Attorneys' Eyes Only Information in the court from which the subpoena, discovery request, or order issued. The Designating Party bears the burden and the expense of seeking protection in that court of its Confidential or Highly Confidential – Attorneys' Eyes Only Information, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court. The obligations in this paragraph remain in effect while the party has Confidential or Highly Confidential – Attorneys' Eyes Only Information in its possession, custody, or control.

**19. Disclosure of Confidential or Highly Confidential – Attorneys' Eyes Only Information Covered by Attorney-Client Privilege or Work Product.** Whether inadvertent or otherwise, the disclosure or production of any information or document that is subject to an

objection based on attorney-client privilege or work-product protection, including but not limited to information or documents that may be considered Confidential or Highly Confidential – Attorneys' Eyes Only Information, will not be deemed to waive a party's claim to its privileged or protected nature or estop that party or the privilege holder from designating the information or document as attorney-client privileged or subject to the work-product doctrine at a later date. Any party receiving any such information or document must return it upon request to the Producing Party. Upon receiving such a request as to specific information or documents, the Receiving Party must return the information or documents to the Producing Party within 7 days, regardless of whether the receiving party agrees with the claim of privilege and/or work-product protection. Disclosure of the information or document by the other party prior to such later designation will not be deemed a violation of this Order. Although the provisions of this section constitute an order pursuant to Federal Rules of Evidence 502(d) and (e), and will be construed in a manner consistent with the maximum protection provided by said rule (including, but not limited to, by providing that disclosure of privileged or protected material does not waive the privilege or protection even if the holder of the privilege or protection did not take reasonable steps to prevent its disclosure), nothing in this Order limits a party's right to review documents, including ESI, for relevance, responsiveness, or segregation of privileged or protected information before production.

**20. No Waiver and No Prior Judicial Determination.** Nothing in this Order waives any objection to discovery, including objections based on relevance, proportionality, burden, confidentiality, privilege, work product, or any other protection; requires production of information not otherwise discoverable; affects the admissibility or authenticity of any material; or prevents a Designating Party from using or disclosing its own information. Entry of this Order

is based on the parties' representations and agreement to facilitate discovery and is not a judicial determination that any particular material qualifies for protection under Rule 26(c) or otherwise.

**21. Additional Provisions.**

**(a)** Prior to disclosing or displaying materials designated as Confidential or Highly Confidential – Attorneys' Eyes Only to any person, counsel must:

(i) Inform the person of the confidential nature of the information or documents; and

(ii) Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person.

**(b)** Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the party who received PII experiences a data breach, it shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

**IT IS SO ORDERED.**

Dated:

October 13, 2026

Hon. Valerie Figueredo
U.S. Magistrate Judge

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MOUNT SINAI HOSPITAL; MOUNT SINAI BETH ISRAEL; and ST. LUKE'S-ROOSEVELT HOSPITAL,<br>*Plaintiffs*,<br>v.<br>CVS HEALTH CORPORATION; CAREMARKPCS HEALTH, LLC; CAREMARK, LLC; WELLPARTNER, LLC; and JOHN DOES 1-15,<br>*Defendants*. | Case No. 1:26-cv-4143 |

**ATTACHMENT A**
**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges having read the Protective Order attached hereto in the above-referenced case, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Southern District of New York in matters relating to this Protective Order and understands that its terms obligate the undersigned to use materials designated as Confidential or Highly Confidential – Attorneys' Eyes Only Information in accordance with the order solely for the purposes of the above-captioned action, and not to disclose any such Confidential or Highly Confidential – Attorneys' Eyes Only Information to any other person, firm, or concern, except in accordance with the provisions of the Protective Order.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: ______________________________

Job Title: ______________________________

Employer: ______________________________

Business Address: ______________________________

______________________________

Date: ____________ ______________________________
Signature